UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 97-16081 |
| | ) | |
| THOMAS A. BANUS, | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | Adversary Proceeding No. 05-1032 |
| THOMAS A. BANUS, | ) | |
| Plaintiff, | ) | Judge Arthur I. Harris |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF | ) | |
| EDUCATION, *et al.*, | ) | |
| Defendants. | ) | |

MEMORANDUM OF OPINION

Plaintiff Thomas A. Banus filed this adversary proceeding seeking a discharge of his student loan debt, now in excess of $128,000, under two alternative theories: (1) the student loan debt is dischargeable under former 11 U.S.C. § 523(a)(8)(A) because it first became due more than seven years before the bankruptcy petition was filed, and (2) the student loan debt is dischargeable under 20 U.S.C. § 1087(c)(1) because the law school allegedly certified falsely that he would benefit from his law school education. Creditor ECMC moved for summary judgment on both theories, arguing that Banus's consolidation loan in 1994 makes him ineligible for a discharge under the seven year rule and that the Court lacks subject matter jurisdiction over Banus's false certification claim. For

the reasons that follow, ECMC's motion for summary judgment is granted in part. The student loan debt is ineligible for discharge under the seven year rule because Banus consolidated the debt less than three years before filing for bankruptcy; however, procedural defects in Banus's complaint prevent the Court from ruling on Banus's false certification claim at this time.

## FACTUAL AND PROCEDURAL BACKGROUND

From August 1984 through June 1988, plaintiff Thomas A. Banus attended Cleveland-Marshall College of Law, eventually receiving his J.D. degree. Banus, however, was unable to pass the bar exam and consequently never received his license to practice law. Banus acquired a series of student loans totaling approximately $43,000. *See* National Student Loan Data System report (Docket #20, Exhibit B). In December of 1994, Banus consolidated his student loans. As of May 26, 2005, the total balance due, including principal, interest, and other charges, exceeded $128,000. *See* Aff. of Angela Houff (Docket #20 at ¶ 11).

On September 9, 1997, Banus filed a voluntary Chapter 7 petition. On December 12, 1997, Banus received his discharge, and on January 23, 1998, the case was closed. On December 29, 2003, Banus moved to reopen the case to determine the dischargeability of his student loan debt. The motion to reopen was granted on March 29, 2004. Thereafter, Plaintiff filed his adversary complaint

2

against, *inter alia*, The Pennsylvania Higher Education Assistance Agency.

Banus asserts that his student loans are dischargeable under former 11 U.S.C. § 523(a)(8)(A) because they first became due more than seven years before he filed his bankruptcy petition in 1997. In the alternative, Banus asserts that his student loans are dischargeable under 20 U.S.C. § 1087(c)(1) because the law school allegedly certified falsely his ability to benefit from his law school education. On April 1, 2005, this Court issued an Order allowing ECMC to intervene on behalf of Pennsylvania Higher Education Assistance Agency since ECMC purchased Banus's consolidated student loan in 1995. On July 14, 2005, ECMC moved for summary judgment. With respect to Banus's first theory, ECMC contends that Banus's student loan consolidation, less than three years before filing for bankruptcy, makes him ineligible for discharge under the seven year rule of former section 528(a)(8)(A). With respect to Banus's second theory, ECMC contends that this Court lacks subject matter jurisdiction over any claim to a discharge based upon the false certification provisions of 20 U.S.C. § 1087(c)(1).

## DISCUSSION

### *Jurisdiction*

Generally, a district court has jurisdiction under 28 U.S.C. § 1334(b) for "all civil proceedings arising under title 11, or arising in or related to cases under title 11." Under 28 U.S.C. § 151, "the bankruptcy judges in regular active service shall constitute a unit of the district court to be known as the bankruptcy court for that district." Pursuant to 28 U.S.C. § 157(a) and Local General Order No. 84, entered on July 16 1984, by the United States District Court for the Northern District of Ohio, the district court has referred to the bankruptcy judges of the district "any and all cases under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11."

Banus's claim for discharge under former section 523(a)(8)(A) falls within the subject matter jurisdiction of section 1334(b) because the cause of action "arises under title 11." *In the Matter of GEX Ky.*, 85 B.R. 431, 433 (Bankr. N.D. Ohio 1987) (Causes of action "arising under title 11" are those causes of action that are either created by title 11 or concerned with the administration of the bankruptcy estate.).

Whether subject matter jurisdiction exists for Banus's claim of false certification under 20 U.S.C. § 1087(c)(1) is less certain. The claim does not

4

"arise under title 11," as the section 523 claim does. Furthermore, the false certification claim is not a claim "arising in" a bankruptcy case because it is a claim, if it exists, that does not require the filing of the bankruptcy case. *GEX*, 85 B.R. at 433. Therefore, in order for the Court to determine whether it has subject matter jurisdiction, the Court must analyze whether Banus's false certification claim is "related to" a bankruptcy case.

*Core vs. Non-core*

This Court must also determine whether it may enter a final judgment. Under 28 U.S.C. § 157(b) and (c), the bankruptcy judge may enter final judgments in core proceedings but can only make recommended decisions in non-core proceedings unless the parties consent to the jurisdiction of the bankruptcy judge. Under Rules 7008(a) and 7012(b), both the complaint and the answer in an adversary proceeding must include "a statement that the proceeding is core or non-core and, if non-core, that the pleader does or does not consent to entry of final orders or judgment by the bankruptcy judge."

In the present case, Banus has not alleged whether the claims in his adversary complaint are core or non-core. Although ECMC admits core in paragraph 3 of its answer, it is unclear whether ECMC admits core as to the section 523 claim, the false certification claim, or both. Part of this uncertainty

5

stems from Banus's failure to comply with Rules 7008 and 7010, requiring a "short and plain statement of the grounds upon which the court's jurisdiction depends" and numbered paragraphs.

Banus's claim for a discharge under former section 523(a)(8)(A) is clearly core as it falls within the express language of 28 U.S.C. § 157(b)(2)(I). *See In re McLaren*, 3 F.3d 958, 960 (6th Cir. 1993) ("Dischargeability proceedings, like actions to recover preferential or fraudulent transfers, are core proceedings."). Thus, as to Banus's first claim, the failure to comply with requirements concerning the allegation of core or non-core is immaterial, and the Court can render a judgment as to this claim.

As to Banus's false certification claim, even if subject matter jurisdiction for such a claim exists, it is far from certain whether the proceeding is core or non-core. While it has often been said that a court always has jurisdiction to decide whether it has jurisdiction, *see United States v. United Mine Workers of Am.*, 330 U.S. 258, 291 (1947), this Court believes the prudent approach is to decide first whether this Court or the district court should be the one to determine whether subject matter jurisdiction exists over Banus's false certification claim. *See* 28 U.S.C. § 157(b)(3) ("[The] bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core

6

05-01032-aih    Doc 25    FILED 11/28/05    ENTERED 11/28/05 15:31:13    Page 6 of 13

proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11."). Since this Court can only render a final judgment if the proceeding is core or the parties consent, the Court will decline to rule on the merits of Banus's false certification claim until the procedural deficiencies concerning core/non-core are resolved.

*Summary Judgment Standard*

Under Federal Rule of Civil Procedure 56(c), made applicable by Bankruptcy Rule 7056, a court shall render summary judgment:

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The party moving the court for summary judgment bears the burden of showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Jones v. Union County, Tenn.*, 296 F.3d 417, 423 (1986). Once the moving party has met that burden, the nonmoving party "must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial." *Hall v. Tollett*, 128 F.3d 418, 422 (6th Cir. 1997); *see, e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere

7

existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). In determining the existence or nonexistence of a material fact, a court will view the evidence in a light most favorable to the nonmoving party. *See Tenn. Dept. Of Mental Health & Mental Retardation v. Paul B.*, 88 F.3d 1466, 1472 (6th Cir. 1996).

*Dischargeability of Banus's Student Loans Under Former 11 U.S.C. § 523(a)(8)(A)*

When Banus filed his Chapter 7 petition in 1997, 11 U.S.C. § 523(a)(8)(A) allowed discharge of educational loans when the debtor's obligation to repay "first became due" seven or more years before the bankruptcy petition was filed. Under this "seven year rule," Banus could obtain a discharge of any educational loan that first became due before September 9, 1990. In December of 1994, however, Banus consolidated his eight student loans by executing a new promissory note.

A consolidation loan is a new loan for the purposes of section 523(a), and calculation of the seven year rule begins from the date that the consolidation loan first became due. *See Rudnicki v. Southern Coll. of Optometry*, 228 B.R. 179, 181 (B.A.P. 6th Cir. 1999). In *Rudnicki,* the court reasoned:

> By consolidating the original loan, that loan becomes extinguished and a new, consolidation loan is created.

8

> Accordingly, based on the plain language of section 523(a)(8)(A), the relevant date for the purposes of determining dischargeability is the date when the consolidated loan first became due. . . .The date that the original loan became due is irrelevant. That loan has been extinguished, and hence is not the debt sought to be discharged.

228 B.R. at 181 (quoting *Mattingly v. N.J. Higher Educ. Assistance Auth.*, 226 B.R. 583, 585 (Bankr. W.D. Ky. 1998) (listing several cases discussing consolidation and the seven year rule)); *see also Hiatt v. Indiana Student Assistance Comm'n*, 36 F.3d 21, 23 (7th Cir. 1994) (holding that the nondischargeability period begins on date consolidation loan became due), *cert. denied*, 513 U.S. 1154 (1995); *In re Randolph McKinney*, No. 1:90CV1946, 1992 WL 265992 (N.D. Ohio May 12, 1992) (holding that a consolidation loan is a new loan for the purposes of dischargeability).

Although Banus's original student loans first became due approximately ten years before he filed his Chapter 7 bankruptcy case, the promissory note for the consolidation loan, executed on December 12, 1994, extinguished the original loans. Thus, the proper date for determining dischargeability under the seven year rule is March 1, 1995, the date when the consolidation loan first became due.

Banus further argues that former section 523(a)(8)(A) will not except the debt to ECMC from discharge because this provision applies only to loans guaranteed by governmental units and non-profit institutions of higher education.

9

Banus asserts that ECMC is not a governmental unit or a non-profit institution of higher education, and thus the loans should be discharged pursuant to his 1997 Chapter 7 case. The plain language of the statute, however, does not limit nondischargeability to non-profit entities that qualify as institutions of higher education. In fact, the Bankruptcy Amendments and Federal Judgeship Act of 1984, P.L. 98-353 § 454(a)(2), struck the phrase "of higher education" from section 523(a)(8)(A). In detailing the history of section 523(a)(8)(A), the court in *T I Fed. Credit Union v. DelBonis,* 72 F.3d 921 (1st Cir. 1995) commented:

> [The Bankruptcy Amendments and Federal Judgeship Act of 1984] extended the provisions of [section 523(a)(8)(A)] to all nonprofit loan programs, not merely those associated with an institution of higher education. When read together, the 1979 and 1984 amendments made nondischargeable loans issued pursuant to an educational loan program operated by a nonprofit organization or a governmental unit and educational loans acquired from a commercial financial institution if such loans were insured by a governmental unit.

721 F.3d 937. Thus, ECMC can benefit from nondischargeability pursuant to section 523(a)(8) because it is a non-profit institution that acts as a guarantor for the Federal Family Education Loan Program (Houff Affidavit, ¶2). *See In re Ruehle,* 412 F.3d 679, 682 (6th Cir. 2005) (describing ECMC as "a private, non-profit corporation that provides specialized guarantor services to the United States Department of Education within the Federal Family Education Loan

10

Program").

Construing the facts in the light most favorable to Banus, no genuine issue of material fact exists regarding the dischargeability of Banus's student loan debt pursuant to former 11 U.S.C. § 523(a)(8)(A). It is undisputed that in December of 1994 Banus consolidated his student loans. This consolidation extinguished Banus's old debt. The date when the *consolidation* became due is the relevant date for an analysis of the seven year rule. Banus's consolidation loan became due less then three years prior to his Chapter 7 filing and cannot be discharged under former 11 U.S.C. § 523(a)(8)(A).

*False Certification and the Related Procedural Defects*

As an alternative basis for discharging his loan, Banus urges the Court to hold that Cleveland-Marshall College of Law "falsely certified" his student loan eligibility. Discharge due to false certification is governed by the Higher Education Act, codified at 20 U.S.C. § 1087(c)(1), which states in pertinent part:

> If [a] student's eligibility to borrow under this part was falsely certified by the eligible institution, then the Secretary [of Education] shall discharge the borrower's liability on the loan (including interest and collection of fees).

*See also* 34 C.F.R. §§ 685.215 & 682.402 (describing criteria for a false certification discharge).

Banus's false certification claim possesses a number of procedural

11

deficiencies. First, as already discussed, it is unclear whether subject matter jurisdiction exists and whether this Court may render a final judgment under 28 U.S.C. § 157(b). Second, the Court cannot discern whether Banus is asserting a private right of action under the Higher Education Act or perhaps judicial review of a final agency action under the Administrative Procedures Act, 5 U.S.C. § 704. Finally, it is unclear who is the proper defendant or defendants for Banus's false certification claim.

Accordingly, the Court will not rule on the merits of the false certification claim but will instead require Banus to file an amended complaint that includes the following:

    A.     A short and plain statement of jurisdiction, pursuant to Fed. R. Civ. P. 8(a)(1),

    B.     "A statement that the proceeding is core or non-core and, if non-core, that [Banus] does or does not consent to entry of final orders or judgment by the bankruptcy judge," pursuant to Rule 7008,

    C.     Use of numbered paragraphs, pursuant to Rule 7010,

    D.     An indication of whether Banus is pursuing a private right of action under the Higher Education Act or judicial review of final agency action. To the extent that judicial review of agency action is sought, Banus should clarify the status of his administrative appeal, and

    E.     An identification of the proper defendants for the false certification claim.

## CONCLUSION

For the foregoing reasons, ECMC's motion for summary judgment is granted in part. Because Banus consolidated his student loans less than three years before filing for bankruptcy, his student loan debt is ineligible for discharge under the seven year rule of former section 523(a)(8)(A). Banus's alternative claim to a discharge under the false certification provisions of 20 U.S.C. § 1087(c)(1) will be the subject of further proceedings once Banus files an amended complaint, consistent with the Federal Rules of Bankruptcy Procedure, within 30 days of the entry of this order, and the defendants file answers or otherwise plead, within 20 days after Banus files his amended complaint.

IT IS SO ORDERED.

Arthur I. Harris
United States Bankruptcy Judge